IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. **25-cv-3886** |
| **$56,960 IN U.S. CURRENCY,** | : | |
| Defendant *In Rem*, | : | |

...oOo...

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW the United States of America, Plaintiff in this action, by and through its undersigned attorneys, pursuant to 21 U.S.C. § 881(a)(6), to bring this verified complaint for forfeiture *in rem* against $56,960 in U.S. currency seized on or about June 16, 2025 from 100 Harborview Drive, Unit 209, Baltimore, Maryland, and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* against seized property that was furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, or constituted proceeds traceable to such an exchange, and therefore should be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANT *IN REM*

2. The Defendant Property consists $56,960 in U.S. currency (Asset ID No. 25-DEA-721434) seized on or about June 16, 2025 from 100 Harborview Drive, Unit 209, Baltimore, Maryland December 28, 2023 (the "Defendant Property").

3. In connection with an investigation into the drug trafficking activity of Kirk Lionel Gross, on June 16, 2025, investigators searched 100 Harborview Drive, Unit 209, Baltimore, Maryland, pursuant to a search and seizure warrant. During the course of the search, investigators found the Defendant Property inside the master bedroom closet in two different bags; the first, a dark colored locked money bag in a medium size shopping bag and, the second, a small black tote bag.

4. The United States brings this action *in rem* in its own right to forfeit all right, title, and interest in the Defendant Property.

5. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Special Agent Michel Carnucci, attached hereto as Exhibit A, and incorporated herein by reference.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, an action for forfeiture under 28 U.S.C. § 1355(a), and this particular action under 21 U.S.C. § 881(a)(6).

7. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest

warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts and omissions giving rise to the forfeiture took place in the District of Maryland and, pursuant to 28 U.S.C. § 1395, because the Defendant Property is located in this district.

## LEGAL BASIS FOR FORFEITURE

9. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture

> [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21, United States Code, Section 841(a)(1) makes it unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance."[1]

11. Title 21, United States Code, Section 846 makes it unlawful to "attempt[] or conspire[] to commit any offense defined in this subchapter."

12. The Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; (2) proceeds traceable

---

[1] 21 U.S.C. § 802(6) defines a controlled substance as a "drug or other substance . . . included in schedule I, II, III, IV, or V of Part B of this subchapter."

to such an exchange; or (3) moneys, negotiable instruments, or securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

**WHEREFORE**, the Plaintiff, the United States of America, respectfully requests that:

(i) process of forfeiture be issued against the Defendant Property;

(ii) due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(iii) judgment be entered declaring the Defendant *in rem* be forfeited to the United States for disposition according to law; and

(iv) the United States be granted such other relief as this Court may deem just and proper.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

*Alexandria A. Bell* ALEXANDRIA BELL (Affiliate) 2025.11.25 11:20:15 -05'00'

Alexandria A. Bell
Special Assistant United States Attorney
District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4836

4

## VERIFICATION

I, Michael Carnucci, a Special Agent with the Drug Enforcement Administration, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Date: 11/24/25

Michael Carnucci
Special Agent
Drug Enforcement Administration

5

## Certificate of Service

      I hereby certify that the Complaint for Forfeiture *In Rem*, and the accompanying Declaration, was filed via ECF and sent via certified and first-class mail or email to the following possibly interested third party:

Andrew C. White, c/o of Kirk Gross
awhite@silvermanthompson.com

Kirk Gross
102 Queensberry Road
Rosedale, MD 21237

                                      /s/_____
                                      Alexandria Bell
                                      Special Assistant United States Attorney